May 8, 2020

**BY ECF**

The Honorable Loretta A. Preska
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street - Room 2220
New York, New York 10007

      Re: *Bugliotti, et al. v. Republic of Argentina*, No. 17 Civ. 09934 (LAP)

Dear Senior Judge Preska:

      We write in connection with the above-captioned action.  Pursuant to the Court's order dated April 29, 2020, counsel for the Republic of Argentina (the "Republic") and counsel for plaintiffs met and conferred regarding how to proceed in this matter in light of the Second Circuit's remand, but were unable to reach agreement.  Therefore, the parties submit the below separate proposals for how the Court should proceed.

      *Plaintiffs' Proposal*

      Plaintiffs' position is that the Second Circuit's decision is procedurally a denial of the Republic's Rule 12 motion to dismiss, and the Republic should now file its answer to the complaint and the case will proceed accordingly. Counsel will then confer about any discovery that may be sought. Plaintiffs expect to file a motion for summary judgment to enforce the bonds, and of course we anticipate that the Republic will raise various defenses, including the main issue remanded by the Second Circuit (whether plaintiffs are entitled to sue to enforce the bonds). Plaintiffs expect the parties will present expert reports and/or testimony on issues of Argentine law.

      From the recent discussions among counsel, it appears that, instead of answering, the Republic proposes to re-open its Rule 12 motion concerning plaintiffs' entitlement to sue and perhaps other issues. Successive Rule 12 motions are generally prohibited by Rule 12(g)(2), in order to "eliminate unnecessary delay at pleading stage." *See* 5C Wright & Miller, Federal Practice & Procedure §§ 1384, 1385 (3d ed. 2004).

      A denial of a defendant's Rule 12 motion, in whole or in part, whether by the district court or on appeal, does not entitle the defendant to a do-over of its motion. Nothing in the Second Circuit's decision suggested procedurally that the Republic may re-litigate under Rule 12. The same is true when a district court denies a defendant's Rule 12 motion – the next step is an answer by defendant, followed by normal pre-trial proceedings.

Hon. Loretta A. Preska, p. 2

This case was filed in December 2017, so it is appropriate that the pleadings be closed at this point. Virtually all of the Argentina bond cases were adjudicated by way of summary judgment before Judge Griesa. Argentina can, of course, make its arguments on plaintiffs' entitlement to sue, and any other open issues, on summary judgment. The parties' intention to present expert evidence, and presumably to rely on facts beyond the four corners of the complaint, also make summary judgment, rather than Rule 12, the appropriate and efficient context for moving forward.

*The Republic's Proposal*

The Republic proposes to file by Friday, June 26, 2020 a renewed motion to dismiss, including with supplemental Argentine law materials, addressing the two legal issues that the Second Circuit remanded to this Court for resolution: (1) whether, as a matter of Argentine law, plaintiffs are entitled to sue to enforce the 1994 FAA bonds held in the Argentine trust; and (2) whether the Court should abstain from exercising jurisdiction on international comity grounds.  *See Bugliotti v. Republic of Argentina*, 952 F.3d 410, 413-15 & n.4 (2d Cir. 2020). These two issues are questions of law that are properly resolved on a renewed motion to dismiss.

With respect to the first issue, the Second Circuit remanded on the question of "whether [plaintiffs] may sue to enforce [the 1994 FAA bonds]" in order to "allow the district court to conduct the necessary inquiry into Argentine law in the first instance."  *Id.* at 411, 414.  The Second Circuit did not suggest that the parties should proceed to further pleadings and potential fact discovery before this Court conducted the necessary Argentine law analysis, nor is that supported by the decision's reasoning.  The case was remanded for the Court to interpret "governing Argentine law" under Rule 44.1, *id.* at 414, under which the Court may "consider any relevant material or source, including testimony," including at the motion to dismiss stage. Fed. R. Civ. P. 44.1 (foreign law determination is a "ruling on a question of law"); *Bigio v. Coca-Cola Co.*, No. 97 Civ. 2858 (BSJ), 2010 WL 3377503, at *7 (S.D.N.Y. Aug. 23, 2010) (permitting parties to submit expert law declarations under Rule 44.1 and resolving foreign law issue on a motion to dismiss), *aff'd*, 675 F.3d 163 (2d Cir. 2012).  The Second Circuit specifically noted that under Rule 44.1 foreign law is *not* treated as a "question of fact," *Bugliotti*, 952 F.3d at 413, but rather the rule "requires law-like appellate review of foreign-law determinations, while maintaining a district court's flexibility to tailor fact-like methods of inquiry to the needs of the case."  *Id.*  The Second Circuit suggested that the Court's analysis include review of persuasive or authoritative Argentine law materials, including any applicable decisions by an Argentine court.  *Id.* at 414.  As other courts have held, this is an inquiry appropriately made at the motion to dismiss stage.[1]

---

[1] *See CIH Int'l Holdings, LLC v. BT United States, LLC*, 821 F. Supp. 2d 604, 608 n.1 (S.D.N.Y. 2011) (considering expert declaration on foreign law in ruling on motion to dismiss); *de Fontbrune v. Wofsy*, 838 F.3d 992, 994-95 (9th Cir. 2016) ("[U]nder Rule 44.1's broad mandate, foreign legal materials—including expert declarations on foreign law—can be considered in ruling on a motion to dismiss where foreign law provides the basis for the claim.").  There is no support for plaintiffs' suggestion that foreign law expert declarations must be considered at summary judgment or that the Court must look beyond the four corners of the complaint to resolve the issues on remand.

Hon. Loretta A. Preska, p. 3

Similarly, the second issue remanded by the Second Circuit, whether the Court should abstain from jurisdiction based on a "more developed record," *id.* at 415 n.4, is a question regularly addressed on a motion to dismiss. *See, e.g.*, *Finanz AG Zurich v. Banco Economico S.A.*, 192 F.3d 240, 250 (2d Cir. 1999). In other matters where the Second Circuit court has remanded on discrete legal issues, this Court has likewise ordered supplemental briefing without requiring defendants to answer and additional discovery. *See* Order, *Kensington Int'l Ltd. v. Itoua*, No. 05 Civ. 5101 (LAP) (S.D.N.Y. Dec. 27, 2007) (supplemental briefing on two legal issues on which the Second Circuit remanded); *In re Dig. Music Antitrust Litig.*, 812 F. Supp. 2d 390, 398 (S.D.N.Y. 2011) (Preska, J.) ("[d]efendants have again moved to dismiss the action" after remand).[2]

Accordingly, Plaintiffs' proposal, in having the Republic file an answer, with the parties then proceeding to discovery, is inconsistent with the remand by the Second Circuit, which identified threshold *legal issues* still subject to review and resolution by this Court.

We thank the Court for its consideration of the parties' respective proposals.

Respectfully submitted,

| **MILBERG PHILLIPS GROSSMAN LLP** | **CLEARY GOTTLIEB STEEN & HAMILTON LLP** |
|---|---|
| By:  /s/ *Michael C. Spencer*<br>Michael C. Spencer<br>(mspencer@milberg.com) | By:  /s/ *Rahul Mukhi*<br>Rahul Mukhi<br>(rmukhi@cgsh.com) |
| One Penn Plaza, Suite 1920<br>New York, NY 10119<br>T: (917) 969-5538 | One Liberty Plaza<br>New York, NY 10006<br>T: (212) 225-2000 |
| *Attorneys for Plaintiffs* | *Attorneys for the Republic of Argentina* |

Pursuant to section 8.5(b) of the Electronic Case Filing Rules & Instructions for the United States District Court for the Southern District of New York, the use of conformed electronic signatures is with the consent of all signatories to this filing.

---

[2] Plaintiffs' citation to Rule 12(g)(2) is inapposite, given the Republic previously raised that the plaintiffs could not bring suit under the 1994 FAA bonds as a matter of Argentine law and under international comity principles, and is simply renewing its motion to dismiss in order to resolve the discrete Argentine law and comity issues contemplated on remand. *See, e.g.*, *Bugliotti*, 952 F.3d at 413 & n.4.